UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE A. GARCIA,<br>TDCJ No. 02304443,<br><br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-21-CA-0168-JKP |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Joe A. Garcia's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) and Respondent Bobby Lumpkin's Answer (ECF No. 9) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In January 2020, Petitioner plead guilty in Bexar County, Texas, to one count of unlawful possession of a firearm (enhanced as a repeat offender) and was sentenced to ten years of imprisonment. *State v. Garcia*, No. 2019CR10077 (144th Dist. Ct., Bexar Cnty., Tex. Jan. 21, 2020); (ECF No. 10-2 at 59-60). Because he waived the right to appeal as part of the plea bargain agreement, Petitioner did not directly appeal his conviction and sentence. Instead, Petitioner challenged the constitutionality of his conviction by filing a *pro se* application for state habeas corpus relief on July 8, 2020. *Ex parte Garcia*, No. 91,802-01 (Tex. Crim. App.); (ECF

No. 10-2 at 19). The Texas Court of Criminal Appeals denied the application without written order on October 28, 2020. (ECF No. 10-1).

Petitioner placed his initial federal habeas petition in the prison mail system on February 8, 2021. (ECF No. 1 at 10). A month later, Petitioner filed an amended federal petition (ECF No. 4) raising the following allegations: (1) his trial counsel rendered ineffective assistance by providing inadequate advice regarding his *pro se* motion to suppress evidence, and (2) his conviction was based upon evidence obtained from a warrantless arrest that was not supported by probable cause in violation of his Fourth and Fourteenth Amendment rights.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or

erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

**A.     The Ineffective Assistance Claim (Claim 1).**

In his first allegation, Petitioner contends his trial counsel was ineffective for failing to provide adequate advice concerning his *pro se* attempt to suppress evidence that was seized following a warrantless traffic stop. According to Petitioner, he would not have agreed to the plea bargain offered by the State had counsel offered adequate guidance. In response, Respondent contends this allegation is unexhausted and procedurally barred from federal habeas corpus relief because Petitioner never raised the claim in state court. Respondent is correct—the record in this case confirms that Petitioner did not properly exhaust his state court remedies with regard to the instant allegation. Because the allegation is being presented for the first time in this

federal habeas proceeding, it is unexhausted under § 2254(b) and procedurally barred from federal habeas review.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

As the record demonstrates, Petitioner did not file a petition for discretionary review and did not present this ineffective-assistance allegation to the Texas Court of Criminal Appeals in his state habeas corpus application. (ECF No. 10-2 at 4-35). Should this Court now require Petitioner to return to state court to satisfy the exhaustion requirement, however, the Texas Court of Criminal Appeals would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since Petitioner already challenged his conviction in a previous state habeas application. Because Texas would likely bar another habeas corpus application by Petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See Nobles*

*v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas relief on his ineffective-assistance claim unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). Petitioner does not argue that cause and prejudice should excuse the default in his federal petition, nor does he attempt to demonstrate that the Court's denial of the claim will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of Petitioner's first claim as procedurally defaulted.

B.     **The Fourth Amendment Claim** (Claim 2).

In his second claim for relief, Petitioner contends that his conviction was based on evidence obtained from a "pretextual search" and warrantless arrest that was not supported by probable cause in violation of his rights under the Fourth Amendment, the Fourteenth Amendment, and Article 1, Section 9 of the Texas Constitution. Petitioner raised this identical claim during his state habeas proceedings, and now appears to argue that the state court incorrectly applied federal and state law when it rejected the claim. Because he has not raised a

cognizable federal constitutional issue, however, Petitioner fails to demonstrate the state court's rejection of the claim was contrary to, or an unreasonable application of, Supreme Court precedent.

To start, relief on Petitioner's Fourth Amendment allegation is barred pursuant to the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 494 (1976). Under *Stone*, if the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief may not be granted to a state prisoner on that claim. *Id*. Indeed, if the State provides the necessary processes to raise a Fourth Amendment claim, *Stone* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Shislnday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. Indeed, Petitioner admittedly raised his Fourth Amendment claims at the trial level through a *pro se* motion to suppress. He makes no argument that his opportunity in the state courts to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way, nor has he alleged "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Consequently, his Fourth Amendment allegation is barred from federal habeas review.

Similarly, it is well settled that claims challenging a state court's determination of state law are not cognizable in a federal habeas corpus proceeding, and that federal courts must defer to the state-court determination of Texas law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.")(citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted). Consequently, even if the state court misapplied state law as Petitioner now suggests, it would have no impact on this proceeding. Relief is therefore denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The

7

petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V. <u>Conclusion and Order</u>

After careful consideration, the Court concludes that Petitioner's first allegation is unexhausted and procedurally barred from federal habeas review, while the state court's rejection of Petitioner's second allegation during his state habeas corpus proceedings was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor (2) based on an unreasonable

determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Joe A. Garcia's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 29th day of September, 2021.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**